IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET CELLITTO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-06-1794 |
| SEMFED MANAGEMENT, INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This employment dispute arises out of a five-count Complaint filed by Margaret Cellitto ("Cellitto" or "Plaintiff") against her former employer, SEMFED Management, Inc. ("SEMFED" or "Defendant"). Cellitto claims that she was subjected to a hostile work environment and wrongfully discharged in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Act, as codified at Md. Code Ann., Lab. & Empl. §3-428 (LexisNexis 2006), and Maryland common law. Pending before this Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Counts II, III, and V fail to state a claim upon which relief can be granted. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the following reasons, Defendant's Partial Motion to Dismiss is GRANTED with respect to Counts II and III and DENIED as to Count V.

### BACKGROUND

The facts are reviewed in a light most favorable to the Plaintiff. Plaintiff Margaret Cellitto was employed by SEMFED Management, Inc. as a catering manager at its hotel in

Ocean City, Maryland. (Compl. ¶ 3.) Her supervisor was Hispanic and allegedly did not speak English very well. (*Id*. ¶ 5.) Cellitto claims that she was subjected to "a continuous course of harassment" and "unfavorable terms and conditions of employment." (*Id*. ¶¶ 6, 14.) On July 9, 2004, the following events allegedly occurred:

> Plaintiff was discussing with her supervisor the number of hours she had to work. She received her paycheck and it was seriously short. Plaintiff questioned her supervisor about the paycheck and the fact that it did not reflect her hours of work accurately. Her supervisor stated that she could pay Plaintiff "for any hours she wants to." Plaintiff replied that she could not do that; she had to be paid for the hours she worked. The supervisor replied that "in her country" (Chile) people get paid for what the boss says they worked. Plaintiff responded that the supervisor could "not do that here, this is America." The matter was left unresolved.

(*Id*. ¶ 15.) Cellitto wrote a letter to the owner of SEMFED describing the compensation issue and left the letter in his office. (*Id*.) When she went to work the following Monday, the owner "confronted" her and "expressed anger at [her] about the letter." (*Id*.) He then made some calculations, gave her approximately $450 in cash, and allegedly said "this is what we owe you." (*Id*.) Cellitto was then fired. (*Id*.) She did not receive any more compensation, including "the commissions she had earned prior to her termination." (*Id*.)

The Complaint alleges that Cellitto filed a charge of discrimination with the Equal Employment Opportunity Commission based on retaliation and national origin. (*Id*. ¶ 7.) Plaintiff alleges that the EEOC "reported that the matter was meritorious and issued a determination in Plaintiff's favor." (*Id*. ¶ 8.) However, it is unclear what conclusion the EEOC actually reached because Plaintiff failed to attach her right to sue letter to the Complaint.

Cellitto filed a Complaint in this Court on July 14, 2006 against SEMFED. Count I alleges a hostile work environment in violation of Title VII. Count II alleges retaliation under

2

Title VII.  Count III alleges retaliatory discharge under the Fair Labor Standards Act.  Count IV alleges retaliatory discharge under the Maryland Wage and Hour Act.  Finally, Count V alleges common law wrongful discharge.  Defendant filed a Partial Motion to Dismiss Plaintiff's Complaint (Paper No. 21) on February 21, 2007, arguing that Counts II, III, and V fail to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### STANDARD OF REVIEW

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."  *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Venkatraman*, 417 F.3d at 420; *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, in considering a motion to dismiss, the court "need not accept as true unwarranted

3

inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).

ANALYSIS

Defendant SEMFED Management, Inc. has moved to dismiss Counts II, III, and V of the Complaint. Each Count will be addressed separately.

**A.     Count II: Title VII Retaliation**

Defendant first argues that Cellitto's retaliation claim under Title VII fails because she did not engage in any "protected activity." To state a claim for retaliation, an employee must show (1) that she engaged in a protected activity, (2) that her employer took an employment action against her that a reasonable employee would have found materially adverse, and (3) that there was a causal connection between the protected activity and the adverse employment action. *Burlington Northern & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2415 (2006); *Hill v. Lockheed Martin Logistics Mgmt., Inc*., 354 F.3d 277, 298 (4th Cir. 2004) (en banc). "Protected activities" include opposing a discriminatory employment practice.[1] The United States Court of Appeals for the Fourth Circuit has held that "opposition activity is protected when it responds to an employment practice that the employee *reasonably believes* is unlawful." *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338-39 (4th Cir. 2006) (emphasis in original) (citing *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406-07 (4th Cir. 2005) and *Peters v. Jenney*,

---

[1] The relevant section of Title VII provides: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

327 F.3d 307, 320-21 (4th Cir. 2003)).

Here, Plaintiff alleges that she wrote a letter to the owner of SEMFED about a pay issue in which she claimed that she had not been compensated for all of the hours she worked. (Compl. ¶ 15.) This letter regarding the pay dispute allegedly caused the owner to get angry with her and fire her. (*Id.*) Plaintiff contends that the letter constituted opposition to not being paid "as a worker of North American origin." (Pl.'s Opp'n Mot. Dismiss 2.) However, the Complaint also alleges that Plaintiff was "terminated in retaliation for speak [sic] up about Defendant's pay practices and so that Defendant could continue its practice of hiring illegal aliens who would accept less than their lawful wages." (Compl.¶ 16.) Essentially, Cellitto claims she opposed poor wage practices that were applied to all of Defendant's employees regardless of their national origin. Nowhere does the Complaint allege any facts tending to support a finding that she opposed an unlawful employment practice based on national origin. Even accepting all facts in the Complaint as true, Plaintiff cannot sustain a claim for Title VII retaliation, because she has failed to plead the first element, *i.e.,* that she engaged in a protected activity within the meaning of Title VII. Accordingly, Defendant's Motion to Dismiss Count II of the Complaint is GRANTED.

**B.    Count III: Fair Labor Standards Act**

Count III of the Complaint purports to state a claim for retaliatory discharge under the Fair Labor Standards Act ("FLSA"). The Defendant raises two arguments in support of its Motion to Dismiss Count III. First, it argues that the claim was not filed within the applicable two-year statute of limitations. Second, it contends that the Complaint makes no mention of Cellitto's engagement in a judicial or administrative proceeding, as required by the FLSA.

### 1. Statute of Limitations

Defendant argues that the Fair Labor Standards Act claim is time-barred. The Act contains a general two-year statute of limitations period in which to file a claim. 29 U.S.C. § 255(a). Plaintiff does not dispute that the case would be barred under the two-year statute of limitations, because she was discharged on July 12, 2004, but did not file her Complaint until July 14, 2006. (Pl.'s Opp'n Mot. Dismiss 3-4.) However, she contends that the Complaint sufficiently states a claim for *willful* retaliatory conduct, which has a longer statute of limitations. (*Id.*) Specifically, where a complaint alleges "that a cause of action aris[es] out of a willful violation," the statute of limitations is three years after the FLSA cause of action accrued. 29 U.S.C. § 255(a).

The Supreme Court has held that the term "willful" in this context means "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In paragraph 10 of the Complaint, Plaintiff alleges that "Defendant committed the discriminatory acts alleged herein maliciously, fraudulently and oppressively, and with the wrongful intention of injuring Plaintiff and Defendant acted from and improper and evil motive amounting to malice." (Compl. ¶ 10.) This allegation is sufficient to state a claim for willfulness under the Supreme Court's *McLaughlin* standard. Accordingly, Plaintiff's FLSA claim was timely filed within the Act's applicable three-year statute of limitations period.

### 2. Internal Complaint

Secondarily, Defendant argues that Count III fails to state a retaliation claim under the FLSA because Cellitto's complaint was made internally and not to a judicial or administrative

tribunal.  (Def.'s Mem. Supp. Mot. Dismiss 5.)  The retaliation provision of the FLSA provides that it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding. . . ."  29 U.S.C. § 215(a)(3).  The United States Court of Appeals for the Fourth Circuit has interpreted that language narrowly and has clearly held that "the 'proceeding' necessary for liability under the FLSA refers to procedures conducted in *judicial or administrative* tribunals."  *Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 364 (4th Cir. 2000) (emphasis added).

      The Fourth Circuit has reiterated its narrow interpretation of the subject language in the case of *King v. Marriott International Inc*., 337 F.3d 421, 427 (4th Cir. 2003), in which the court once again specifically held that "the phrase 'inquiries or proceedings' . . . is limited to the legal or administrative, or at least to something more formal than written or oral complaints made to a supervisor."  Plaintiff's citation of authority from other jurisdictions that have interpreted the retaliation provision more broadly is in direct contrast to the clear statements by the Fourth Circuit.[2]

      In her Complaint, Plaintiff alleges only that she complained to her supervisor and the owner of SEMFED concerning her pay dispute and her general belief that the company's practices violated state and federal laws.  (Compl. ¶ 15.)  Nowhere in the Complaint is there any allegation that Cellitto was retaliated against for filing a formal complaint with an administrative

---

[2] Plaintiff insists that the Fourth Circuit's opinion in *Ball* should be "narrowly construed" because it was "not *en banc* and included a dissent."  (Pl.'s Mem. Opp'n Mot. Dismiss 4.)  However, this argument is without merit.

or judicial tribunal. Accordingly, under *Ball*, Count III fails to state a claim upon which relief can be granted, and Defendant's Partial Motion to Dismiss is GRANTED.

**C.     Count V: Wrongful Discharge**

Finally, Defendant seeks to dismiss Count V on the grounds that common law wrongful discharge is not recognized as a cause of action under Maryland law when statutory remedies are available. (Def.'s Mem. Supp. Mot. Dismiss 6-7.)

It is well established in Maryland that "at-will employment 'can be legally terminated at the pleasure of either party at any time.'" *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 182 (Md. 1989) (citation omitted). However, the Maryland Court of Appeals created an exception to this rule in *Adler v. American Standard Corp.*, 432 A.2d 464 (Md. 1981), when it established a cause of action for abusive discharge. The tort of abusive discharge in Maryland requires a showing that the plaintiff was terminated in contravention of a "clear mandate of public policy." *Id*. at 473. The Court of Appeals has narrowly interpreted what constitutes a clear mandate of public policy, finding for employees primarily when they were discharged for refusing to act unlawfully, exercising a statutory duty, right, or privilege, and performing an important public function. *See Makovi*, 561 A.2d at 182.

Count V alleges that the public policy at issue is an employee's right to "insist on receiving the minimum wages and overtime wages required by Maryland and Federal law." (Compl. ¶ 23.) Maryland has clearly recognized as a matter of public policy that workers are entitled to a minimum wage. *See, e.g.*, Md. Code Ann., Lab. & Empl. § 3-413 (LexisNexis 2006) (setting the minimum wage in the state of Maryland at $6.15 per hour). In addition, the State has declared that employees cannot be fired in retaliation for complaining about unfair

8

wage practices. *See id*. § 3-428 (prohibiting an employer from discharging an employee for making a complaint about wage practices).

SEMFED argues that Cellitto's claim must fail because Maryland law provides a statutory remedy. *See Porterfield v. Mascari*, 823 A.2d 590, 604 (Md. 2003) ("When there is no remedy provided by a statute, . . . the absence of the remedy may justify vindication for violation of the public policy through a wrongful discharge action."). While the Maryland code provides employees with a statutory remedy against their employers if they are not paid the minimum wage, *see id*. § 3-427, there is no private cause of action for employees against their employers if they are *discharged for complaining about* unlawful wage practices. Instead, an employer can be convicted of a misdemeanor and fined up to $1000. *Id*. § 3-428. Whether the statute provides a statutory remedy to Cellitto is not clear at this point, because the precise nature of her complaint to her employer requires a factual determination. However, if she had opposed an unlawful wage practice under Maryland law and been fired as a result, it is possible for her to state a claim for abusive discharge. This conclusion is supported by the Maryland Court of Appeals's recognition in *Makovi* that wrongful discharge claims lie where an employee is exercising a statutory right. 561 A.2d at 182.

Defendant also argues that the Fair Labor Standards Act provides a statutory remedy for Plaintiff. (Def.'s Mem. Supp. Mot. Dismiss 6-7.) However, as argued by the Defendant and discussed *supra*, the FLSA only provides a cause of action for retaliation where the employee made a formal charge before an administrative or judicial tribunal. The federal statute does not provide a cause of action for the alleged retaliation in this case. Thus, like Maryland law, there is no federal remedy upon which Plaintiff could rely for the specific retaliatory discharge alleged


in this case.

Accordingly, Defendant's Partial Motion to Dismiss is DENIED with respect to Count V.

## CONCLUSION

For the foregoing reasons, Defendant SEMFED Management, Inc.'s Partial Motion to Dismiss is GRANTED as to Counts II and III and DENIED as to Count V.  Accordingly, the case will proceed to discovery as to Counts I, IV, and V.  A separate Order follows.

Date:  June 12, 2007                         /s/
                                             Richard D. Bennett
                                             United States District Judge